UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HB FEEDER, LLC,<br><br>PLAINTIFF,<br><br>V.<br><br>THE PARTNERSHIPS IDENTIFIED ON SCHEDULE A,<br><br>DEFENDANTS. | CASE NO.: 1:25-CV-04023<br><br>JUDGE MATTHEW F. KENNELLY<br><br>MAGISTRATE JUDGE M. DANIEL P. MCLAUGHLIN |

**AMENDED COMPLAINT**

Plaintiff, HB Feeder, LLC ("HBF" or "Plaintiff"), by its undersigned counsel, hereby complains of the Partnerships identified on the Amended Schedule A, attached hereto (collectively, "Defendants"), and for its Amended Complaint hereby alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, the Federal Copyright Act, 17 U.S.C. § 501, *et seq.*, and 28 U.S.C. § 1338(a)-(b), 28 U.S.C. § 1331.

2. This Court has personal jurisdiction over each Defendant, in that each Defendant conducts business in Illinois, and the acts and events giving rise to this lawsuit, of which each Defendant stands accused, were undertaken in Illinois and within this Judicial District. Each Defendant has sold at least one Infringing Product in Illinois.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, since each Defendant directly targets consumers in the United States, including Illinois, through fully interactive, commercial Internet stores. Defendants have targeted sales from Illinois residents by operating

online stores that offer shipping to the U.S., including Illinois, accept payment in U.S. dollars and, on information and belief, have sold, and continue to sell Infringing Products that infringe upon Plaintiff's Trademark and/or Copyrights. Defendants are committing tortious acts, engaging in interstate commerce, and have wrongfully caused substantial injury in the State of Illinois.

## JOINDER

4. Joinder is proper pursuant to Federal Rule of Civil Procedure 20(a)(2) as Plaintiff's right to relief stems from the same series of transactions or occurrences, and questions of law and/or fact common to all Defendants will arise in the action.

5. Plaintiff has filed, as **Exhibit 3** attached hereto, its Amended Schedule A list of defendant seller aliases including the defendant store names and online marketplace accounts found to be selling infringing products (the "Seller Aliases" or "Defendant Internet Stores"). However, the true identities of the defendants – i.e., the individuals and/or entities operating the Seller Aliases – are not yet known.

6. In Plaintiff's experience, a significant number of Seller Aliases are operated by the same individual and/or entity. It is not until the third-party marketplaces produce the registration data for these stores that the Plaintiff may discover the true identity or identities of the individuals and/or entities operating the Seller Aliases.

7. Given the similarities between the Defendant Internet Stores discussed *infra* and the likelihood that many, if not all, are operated by the same individual and/or entity, and for purposes of judicial efficiency, Plaintiff asserts that joinder of all Defendants is proper at this stage as severing the case would mean that multiple stores with the same operator would be adjudicated piecemeal and/or would need to be re-joined at a later date.

## INTRODUCTION

8. This action has been filed to combat the online trademark and copyright infringement of Defendants, who trade upon Plaintiff's valuable trademark and/or copyrights by selling and/or offering for sale unauthorized, inauthentic, infringing, and Infringing Products in connection with Plaintiff's federally registered trademark, as well as to stop and prevent Defendants' selling of unauthorized products that use, are based on, and/or are derived from copyrighted subject matter created by HBF.

9. Plaintiff, HB Feeder, LLC, owns the federally registered Lil Sweety Trademark, listed in the table below; a true and correct copy of which is attached hereto as **Exhibit 1** (the "Lil Sweety Trademark"). Plaintiff also owns the Lil Sweety Copyrights, which have effective registration dates as early as 2019, images of which are shown in the table below, and which are attached hereto as **Exhibit 2** (the "Lil Sweety Copyrights").

| TRADEMARK REGISTRATION | | | |
|---|---|---|---|
| REG. NO. | WORD/DESIGN MARK | CLASS | REG. DATE |
| 6835406 | **Lil Sweety** | Class 21: Bird feeders | August 30, 2022 |

| COPYRIGHTED IMAGES | | | |
|---|---|---|---|
| LSY-1 (VA 2-406-720) | LSY-5 (VA 2-406-721) | LSY-8 (VA 2-406-723) | LSY-19 (VA 2-406-729) |

| COPYRIGHTED IMAGES | | |
|---|---|---|
| **LSY-28** (VA 2-406-729) | **LSY-29** (VA 2-406-729) | **LSY-Video-1** (Pau 4-231-921) |

10. In an effort to illegally and deceptively profit from the Lil Sweety Trademark and Lil Sweety Copyrights, Defendants created numerous Defendant Internet Stores, intentionally designed in look, feeling, and suggestion to give the impression to consumers that they are legitimate websites and merchants selling products manufactured by or authorized by HBF, with Defendants' ultimate intention being to deceive unknowing consumers into purchasing unauthorized HBF Products (hereinafter referred to as "Infringing HBF Products" or "Infringing Products").

11. Defendant Internet Stores share numerous unique identifiers, such as design elements and similarities of the unauthorized products offered for sale, establishing a logical relationship, and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal operation.

12. Plaintiff filed this action to combat Defendants' ongoing infringement of Plaintiff's Lil Sweety Trademark and Lil Sweety Copyrights (collectively referred to as "HBF Intellectual Property"). Plaintiff has been and continues to be irreparably damaged through consumer confusion, loss of control over the creative content, and loss of exclusivity over its valuable

trademark and copyrights as a result of Defendants' actions and is thus seeking injunctive and monetary relief.

## THE PLAINTIFF

13. HB Feeder, LLC, is a limited liability company with its headquarters located at 3000 Green Road #131352, Ann Arbor MI 48113.

14. HBF creates, manufactures, and distributes innovative bird feeders and accessories with its most popular product being its Lil Sweety Hummingbird Feeder (the "HBF Products").

15. HBF is the owner of the distinctive Lil Sweety Trademark which has been used continuously and exclusively by HBF and has never been abandoned. The registration is distinct, valid, subsisting, and in full force and effect. The registration of the Lil Sweety Trademark constitutes *prima facie* evidence of its validity and of HBF's exclusive right to use the Lil Sweety Trademark pursuant to 15 U.S.C. § 1057(b). The Lil Sweety Trademark identifies products as merchandise originating from HBF.

16. HBF is the owner of the Lil Sweety Copyrights which consist of multiple images created for marketing and product packaging purposes used to promote and sell HBF Products.

17. HBF Products feature the Lil Sweety Trademark and/or the Lil Sweety Copyrights.

18. HBF has invested substantial time, money, and effort in building up and developing consumer recognition, awareness, and goodwill in the HBF Products. The Lil Sweety Trademark and the Lil Sweety Copyrights have been continuously used, and are, and have been, the subject of continuous marketing and promotion by Plaintiff in the industry and to consumers. As a result of Plaintiff's efforts, the HBF Products and HBF Intellectual Property are recognized and exclusively associated by consumers and the trade as being products sourced from HBF.

19. HB Feeder, LLC has made efforts to protect its interests in and to the HBF Intellectual Property. HBF and its licensees are the only businesses and/or individuals authorized to manufacture, import, export, advertise, offer for sale, or sell any goods utilizing the Lil Sweety Copyrights and/or Lil Sweety Trademark, without the express written permission of HBF. Plaintiff has not licensed or authorized Defendants to use the Lil Sweety Copyrights and/or Lil Sweety Trademark.

## THE DEFENDANTS

20. Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including Illinois, and within this Judicial District, through the operation of fully interactive commercial websites and online marketplace accounts operating under the Seller Aliases identified on the Amended Schedule A. Each Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell Infringing HBF Products to consumers within the U.S., Illinois, and this Judicial District.

## THE DEFENDANTS' UNLAWFUL CONDUCT

21. The success of HBF Products has resulted in significant counterfeiting and intentional copying. Plaintiff has identified numerous fully interactive websites and marketplace listings, including the Defendant Internet Stores, which are offering for sale, selling, and importing Infringing HBF Products to consumers in this Judicial District and throughout the United States. Internet websites like the Defendant Internet Stores are estimated to receive tens of millions of visits per year and to generate over $350 billion in annual online sales.[1] According to an intellectual property rights seizures statistics report issued by Homeland Security and the U.S. Customs and

---

[1] *See* "2020 Review of Notorious Markets for Counterfeiting and Piracy," OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE, Executive Office of the President. 85 FR 62006 (October 1, 2020).

Border Protection, the manufacturer's suggested retail price (MSRP) of goods seized by the U.S. government in the fiscal year 2020 was over $1.3 billion.[2] Internet websites like the Defendant Internet Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year. *Id.*

22. As recently addressed in the *New York Times* and by the U.S. Dept. of Homeland Security, and as reflected in the increase of federal lawsuits filed against sellers offering for sale and selling infringing and/or Infringing Products on the above-mentioned digital marketplaces, an astronomical number of counterfeit and infringing products are offered for sale and sold on these digital marketplaces at a rampant rate.[3]

23. Upon information and belief, Defendants facilitate sales by designing their Internet stores and product listings to appear to unknowing consumers as authorized online retailers, outlet stores, or wholesalers selling genuine HBF Products. Defendant Internet Stores perpetuate an illusion of legitimacy and often include images and design elements that make it difficult for consumers to distinguish these unauthorized sites from authorized websites.

24. Upon information and belief, Defendants also deceive unknowing consumers by using the Lil Sweety Trademark without authorization within the content, text, and/or metatags of their websites, in order to attract and manipulate search engines into identifying the Defendant Internet Stores as legitimate websites for authentic HBF Products. These tactics are meant to, and are successful in, misdirecting consumers searching for genuine HBF Products.

---

[2] *See* "Intellectual Property Rights Fiscal Year 2020 Seizure Statistics," U.S. CUSTOMS AND BORDER PROTECTION. CBP Publication No. 1542-092 (September 21, 2021).
[3] *See* Ganda Suthivarakom, *Welcome to the Era of Fake Products*, N.Y. TIMES (Feb. 11, 2020), nytimes.com/wirecutter/blog/amazon-counterfeit-fake-products/. *See also Combating Trafficking in Counterfeit and Pirated Goods*, U.S. DEPT. OF HOMELAND SECURITY (Jan. 24, 2020), available at dhs.gov/sites/default/files/publications/20_0124_plcy_counterfeit-pirated-goods-report_01.pdf.

25. Upon information and belief, Defendants operate in a collective and organized manner, often monitor intellectual property infringement litigation alert websites, are in continuous and active concert with one another, are in frequent communication with each other—utilizing online chat platforms and groups, and use these collective efforts in an attempt to avoid liability and intellectual property enforcement efforts.[4] Furthermore, there is a substantial evidentiary overlap in Defendants' behavior, conduct, and individual acts of infringement, thus constituting a collective enterprise.

26. Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores. For example, many of Defendants' names and physical addresses used to register the Defendant Internet Stores are incomplete, contain randomly typed letters, or fail to include cities and other relevant information. Other Defendants use privacy services that conceal the owners' identity and contact information. Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed on the Amended Schedule A attached hereto, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are some of many common tactics used by Defendants to conceal their identities, the full scope and interworking of their massive infringing operation, and to avoid being shut down.

27. There are numerous similarities among the Defendant Internet Stores, including, but by no means limited to: (1) virtually identical layouts, even though different aliases were used to register the respective online marketplace accounts; (2) similarities of the Infringing HBF Products, and indicia of being related to one another, suggesting that the illegal products were manufactured by

---

[4] For this reason, Plaintiff anticipates filing a Motion For Leave to File Certain Documents Under Seal and Temporarily Proceed Under A Pseudonym.

and come from a common source and that, upon information and belief, Defendants are interrelated; and, (3) other notable common features such as use of the same naming conventions, registration patterns, lack of contact information, identically or similarly priced items and volume sales discounts, and the use of the same text and images.

28. Further, illegal operators, like Defendants, typically operate multiple payment processor and merchant accounts, including but not limited to, one or more financial accounts operated through third party platforms and hide behind layers of payment gateways so they can continue operation in spite of any enforcement efforts. Additionally, upon information and belief, Defendants often maintain offshore bank accounts and regularly move funds from their payment processor and merchant accounts to said offshore bank accounts, outside the jurisdiction of this Court.

29. Defendants, without any authorization or license, have knowingly and willfully infringed Plaintiff's rights in the Lil Sweety Trademark and Copyrights in connection with the manufacturing, advertisement, distribution, offering for sale, and sale of illegal, infringing, and Infringing Products into the United States and Illinois.

30. In committing these acts, Defendants have, among other things, willfully and in bad faith, committed the following, all of which have and will continue to cause irreparable harm to Plaintiff: infringed upon and used counterfeit versions of the Lil Sweety Trademark and Lil Sweety Copyrights; created, manufactured, sold, and/or offered to sell Infringing Products; used HBF Intellectual Property in an unauthorized manner in order to sell, advertise, describe, mislead, deceive, and trade upon the Lil Sweety brand; engaged in unfair competition; and unfairly and unjustly profited from such activities at the expense of HB Feeder, LLC.

31. Plaintiff does not yet know the full extent and identity of the channels through which Defendants source and sell the Infringing Products. Defendants directed, supervised, and/or

controlled activity infringing on Plaintiff's Trademark and/or Copyrights, and the sale of Infringing Products. Defendants have a direct financial interest in, and gain a direct financial benefit from, infringing activity and realize profits from the sale of Infringing Products.

32. By engaging in the illegal conduct outlined herein, in addition to directly organizing and effectuating such infringing activities, each Defendant also induced, caused, and materially contributed to infringing conduct by others, including the other Defendants. There is a causal relationship between the infringing activity and the financial benefit reaped by Defendants.

33. Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiff.

## COUNT I
## COPYRIGHT INFRINGEMENT (17 U.S.C. § 501(a))

34. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

35. The Lil Sweety Copyrights are the subject of valid copyright registrations which have significant value to the Plaintiff.

36. Plaintiff, at all relevant times, has been the holder of the copyright registrations and exclusive rights of and belonging to HBF, including but not limited to the Lil Sweety Copyrights and derivative works.

37. Upon information and belief, Defendants had access to the copyrighted work through Plaintiff's normal business activities. After accessing Plaintiff's work, Defendants wrongfully created copies of the copyrighted work without Plaintiff's consent, and engaged in, and continue to engage in acts of widespread infringement.

38. HBF is informed and thereon alleges, is informed, and thereon alleges, that Defendants further infringed the Lil Sweety Copyrights by making, or causing to be made,

derivative works by producing and distributing unauthorized reproductions of the Lil Sweety Copyrights, without the permission of HBF.

39. Defendants, without the permission or consent of the Plaintiff, have sold, and continue to sell, online infringing derivative works of Plaintiff's Copyrights. Defendants have violated Plaintiff's exclusive rights of reproduction and distribution. Defendants' actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. §501 *et seq*.).

40. Further, as a direct result of the Defendants' acts of copyright infringement, Defendants have obtained profits they would not have otherwise realized but for their infringement of Plaintiff's Copyrights. HBF is entitled to disgorgement of Defendants' profits, directly and indirectly, attributable to said infringement.

41. Defendants, with knowledge of Plaintiff's Copyrights, indirectly infringed Plaintiff's Copyrights by encouraging, causing, and materially contributing to infringing conduct by others. Defendants knowingly engaged in, supervised, and/or controlled infringing activity and the sale of Infringing Products, and have a direct financial interest in, and stood to gain a direct financial benefit from, such infringing activity.

42. As a result of Defendants' infringement of Plaintiff's exclusive rights under U.S. Copyright Law, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504.

43. The conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured monetarily. Plaintiff has no adequate remedy at law. As such, pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further

infringing Plaintiff's Copyrights, and ordering that each Defendant destroy all unauthorized and/or infringing copies and reproductions of Plaintiff's Copyrights.

## COUNT II
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

44. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

45. Plaintiff is the owner of the distinctive federally registered Lil Sweety Trademark which has significant value to the Plaintiff.

46. Defendants have used the Lil Sweety Trademark without authorization in commerce and/or offered counterfeit imitations of the Lil Sweety Trademark in connection with the sale, offering for sale, distribution, and/or advertising of infringing and counterfeit goods.

47. Without the authorization or consent of HBF, and with knowledge of HBF's ownership rights in its Lil Sweety Trademark, and with knowledge that Defendants' Infringing Products bear counterfeit marks, Defendants intentionally reproduced, copied, and/or colorably imitated the Lil Sweety Trademark and/or used spurious designations that are identical with, or substantially indistinguishable from, the Lil Sweety Trademark on or in connection with the manufacturing, import, export, advertising, marketing, promotion, distribution, display, offering for sale, and/or sale of Infringing Products.

48. Defendants have manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, and/or sold their Infringing Products to the purchasing public in direct competition with HBF and the HBF Products, in or affecting interstate commerce, and/or have acted with reckless disregard of Plaintiff's rights in and to the Lil Sweety Trademark through their participation in such activities.

49. Defendants have applied their reproductions, counterfeits, copies, and colorable imitations of the Lil Sweety Trademark to packaging, point-of-purchase materials, promotions, and/or advertisements intended to be used in commerce upon, or in connection with, the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling of Defendants' Infringing Products, which is likely to cause confusion, mistake, and deception among the general purchasing public as to the origin of the Infringing Products, and is likely to deceive consumers, the public, and the trade into believing that the Infringing Products sold by Defendants originate from, are associated with, or are otherwise authorized by HB Feeder, LLC, through which Defendants make substantial profits and gains to which they are not entitled in law or equity.

50. Defendants' unauthorized use of the Lil Sweety Trademark on or in connection with the Infringing Products was done with notice and full knowledge that such use was not authorized or licensed by HBF, and with deliberate intent to unfairly benefit from the incalculable goodwill inherent in the Lil Sweety Trademark.

51. Defendants intentionally induce others to infringe upon Plaintiff's Trademark and/or continue to supply services with the knowledge that the recipient is using such services to engage in trademark infringement. Defendants have the right and ability to supervise the infringing activity and have an obvious and direct financial interest in the counterfeit activity.

52. Defendants' actions constitute willful counterfeiting of the Lil Sweety Trademark in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d), and 1117(b)-(c).

53. Defendants' continued intentional use of the Lil Sweety Trademark without the consent or authorization of HBF, constitutes intentional infringement of HBF's federally registered Lil Sweety Trademark in violation of §32 of the Lanham Act, 15 U.S.C. § 1114.

54. As a direct and proximate result of Defendants' illegal actions alleged herein, Defendants have caused substantial monetary loss, irreparable injury, and damage to HBF, its business, its reputation, and its valuable rights in and to the Lil Sweety Trademark and the goodwill associated therewith, in an amount as yet unknown. HBF has no adequate remedy at law for this injury, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss, and damage to HBF and its valuable Lil Sweety Trademark.

55. Based on Defendants' actions as alleged herein, HBF is entitled to injunctive relief, damages for the irreparable harm that HBF has sustained, and will sustain, as a result of Defendants' unlawful and infringing actions, as well as all gains, profits, and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, treble damages, and/or statutory damages of up to $2,000,000 per-counterfeit mark per-type of goods sold, offered for sale, or distributed, and reasonable attorneys' fees and costs.

## COUNT III
## FALSE DESIGNATION OF ORIGIN, PASSING OFF, & UNFAIR COMPETITION
## (15 U.S.C. § 1125(a)/LANHAM ACT § 43(a))

56. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

57. Plaintiff, as the owner of all right, title, and interest in and to the Lil Sweety Trademark has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act § 43(a) (15 U.S.C. § 1125).

58. Plaintiff's Trademark is inherently distinctive and is registered with the United States Patent and Trademark Office on the Principal Register; the Lil Sweety Trademark has been continuously used and has never been abandoned; the registration for the Lil Sweety Trademark is valid, subsisting, and in full force and effect.

59. Defendants' promotion, marketing, offering for sale, and sale of infringing and Infringing HBF Products has created, and continues to create, a likelihood of confusion, mistake, and deception among the public as to the affiliation, connection, or association with Plaintiff or as to the origin, sponsorship, or approval of Defendants' infringing products by Plaintiff.

60. By using the Lil Sweety Trademark in connection with the sale of unauthorized products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the unauthorized products.

61. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the unauthorized products to the general public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

62. Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, and intended to cause confusion, to cause mistake, and to deceive the purchasing public, with the intent to trade on the goodwill and reputation of HBF, its HBF Products, and the Lil Sweety Trademark.

63. As a direct and proximate result of Defendants' aforementioned actions, Defendants have caused irreparable injury to HBF by depriving Plaintiff of sales of its HBF Products and by depriving HBF of the value of its Lil Sweety Trademark as a commercial asset in an amount as yet unknown.

64. Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its brand.

### COUNT IV
### VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS § 510, *et seq*.)

65. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

66. Defendants have engaged in acts violating Illinois law, including, but not limited to, passing off their unauthorized products as those of Plaintiff, causing a likelihood of confusion and/or misunderstanding as to the source of Defendants' goods, thus causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine HBF Products, through Defendants' representation that Defendants' Infringing Products have Plaintiff's approval, when they do not.

67. The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq*.

68. Plaintiff has no adequate remedy at law, and Defendants' conduct has caused Plaintiff to suffer damage to its reputation and goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. using the Lil Sweety Trademark and/or Copyrights, or any reproductions, copies, or colorable imitations thereof, in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an

      a. authorized HBF Product, or is not authorized by Plaintiff to be sold in connection with HBF Intellectual Property;

      b. passing off, inducing, or enabling others to sell or pass off any product not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale using HBF Intellectual Property;

      c. shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiff to be sold or offered for sale, and which bear the Lil Sweety Trademark, or which are derived from the Lil Sweety Copyrights;

      d. further infringing HBF Intellectual Property and damaging Plaintiff's goodwill;

      e. using, linking to, transferring, selling, exercising control over the Defendant Internet Stores, Defendant product listings, or any other domain name or online marketplace account that is being used to sell products or inventory not authorized by Plaintiff which use HBF Intellectual Property;

      f. operating and/or hosting websites at the Defendant Internet Stores, and any other domain names registered to or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of products or inventory not authorized by Plaintiff which use HBF Intellectual Property;

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces and payment processors, and any related entities, social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing, and Yahoo, web hosts for the Defendant Internet Stores, and domain name registrars, shall:

    a. disable and cease providing services for any accounts through which Defendants engage in the sale of unauthorized products, which use HBF Intellectual Property, including any accounts associated with Defendants on the Amended Schedule A;

    b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of products not authorized by Plaintiff which use HBF Intellectual Property; and,

    c. take all steps necessary to prevent links to the Defendant Internet Stores identified on the Amended Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index.

3) That Defendants account for, and pay to, Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged;

4) For Judgment in favor of Plaintiff against Defendants that they have willfully infringed Plaintiff's rights in its federally registered Trademark, pursuant to 15 U.S.C. § 1114;

5) That Plaintiff be awarded actual damages, statutory damages, and/or other available damages, at the election of Plaintiff; and that the amount of damages for infringement are increased by a sum not to exceed three times the amount thereof as provided by 15 U.S.C. § 1117;

6) For Judgment in favor of Plaintiff against Defendants that they have: a) willfully infringed Plaintiff's rights in its federally registered copyrights pursuant to 17 U.S.C. § 501; and, b) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Amended Complaint;

7) That Plaintiff be awarded actual damages, statutory damages, and/or other available damages pursuant to 17 U.S.C. § 504, at the election of Plaintiff;

8) That Plaintiff be awarded its reasonable attorneys' fees and costs; and,

9) Any and all other relief that this Court deems just and proper.

Dated: May 6, 2025            Respectfully submitted,

<u>/s/ Gouthami V. Tufts</u>
Ann Marie Sullivan
Alison K. Carter
Gouthami V. Tufts
John J. Mariane

**SULLIVAN & CARTER, LLP**
111 W. Jackson Blvd Ste 1700
Chicago, Illinois 60604
www.scip.law
929-724-7529
g.tufts@scip.law

***ATTORNEYS FOR PLAINTIFF***