

**FILED**
7/3/2025
PJJ
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

HB FEEDER, LLC,                    )
                                   )    **Case Number**: 25-cv-04023
                    Plaintiff      )
                                   )    **Judge:** Matthew F. Kennelly
            v.                     )
                                   )    **Magistrate Judge:** DANIEL P. MCLAUGHLIN
Ral_Mall                           )
                                   )
                    Defendant      )

### ANSWER OF DEFENDANT "RAL_MALL" (PRO SE APPEARANCE)

1.  Defendant admits it operated an eBay store named "Ral_Mall."
2.  Defendant lacks knowledge sufficient to admit or deny Plaintiff's corporate allegations and therefore denies the same.
3.  Defendant denies that it willfully infringed any trademark or copyright.
4.  Defendant admits that it fulfilled **two** customer orders:
    (a) 13 July 2024 to a purchaser in Oregon, and
    (b) 28 August 2024 to a purchaser in Illinois;
    each item was obtained at retail from a lawful U.S. online marketplace.
    The first sale generated US $**2.86** net profit (US $11.75 received,
    US $8.89 product cost); the second sale generated US $**2.00** net profit
    (US $11.65 received, US $9.65 product cost).  Total profit = **US $4.86**.
5-40. Except as expressly admitted, Defendant denies every remaining allegation of the Complaint.

AFFIRMATIVE DEFENSES

A. **De Minimis / Innocent Infringement** – Two isolated retail sales with aggregate profit of US $4.86 constitute innocent and de minimis infringement under 17 U.S.C. §504(c)(2) and 15 U.S.C. §1117(c)(1).

B. **Lack of Willfulness** – Items were lawfully purchased from a reputable U.S. retailer; Defendant applied no counterfeit marks and had no knowledge of any claimed rights.

C. **Misjoinder (Rule 21)** – Plaintiff joins approximately **150** unrelated sellers without alleging concerted action; permissive joinder is improper.

D. **Excessive Asset Freeze** – The TRO/PI freezes assets vastly exceeding the maximum plausible recovery (US $4.86) and should be dissolved or reduced.

E. **Failure to Mitigate** – Plaintiff waited about eight months after the listings had been removed to file suit and issued no prior takedown notice.

F. **Minimal Personal Jurisdiction** – Only one sub-US $3 shipment reached Illinois; exercise of jurisdiction is constitutionally unreasonable.

WHEREFORE Defendant respectfully asks that the Complaint be dismissed, or that any award be limited to nominal damages, and for such other relief the Court deems just.

Dated: 2 July 2025

Ramazan Özel ("Ral_Mall"), Pro Se

s/ Ramazan Özel

ERTIFICATE OF SERVICE I certify that on 2 July 2025 I served the foregoing Answer and Affirmative Defenses via e-mail upon counsel for Plaintiff at attorney@scip.law

s/ Ramazan Özel